**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Roland Durbin, | No. CV-25-00507-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| City of Tucson, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint. (Doc. 9.) Plaintiff has filed a response, and Defendants have filed a reply. (Docs. 13, 14.) For the following reasons, the Court will grant Defendants' Motion to Dismiss and close this case.

## I.    Background

Plaintiff brings suit, pro se, against three Defendants—the City of Tucson; Teri Traaen (Director of the City's Human Resources Department); and Jennifer Bonham (Director of the City's Office of Equal Opportunity Programs). (Doc. 1 at 2.)

The Court infers from emails attached to Plaintiff's Complaint that Plaintiff may be a former employee of the City of Tucson. (*See* Doc. 1-1.) It appears that he requested certain records from the City after the conclusion of his employment, including his personnel file and records of any disciplinary actions against him. (Doc. 1-1.) Defendant Traaen and Defendant Bonham each responded to Plaintiff's request, indicating that no investigation would be made and that the matter was closed. (Doc. 1 at 4.) No documents

were produced to Plaintiff. (*Id.*) After failing to receive the requested records, Plaintiff initiated the above-captioned matter. (*Id.*) Plaintiff asserts claims under the federal Freedom of Information Act ("FOIA"), and Arizona state law governing the inspection of public records. (*Id.* at 3.)

Defendants move to dismiss Plaintiff's FOIA claims under Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6) on the basis that FOIA is applicable only to federal agencies. (Doc. 9) Defendants further argue that the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. (*Id.*) In Plaintiff's response, he indicates that he has received assistance from an attorney who advised him that he filed this action in the wrong court, and he also indicates that he received a follow-up email from the City after the initiation of this action informing him that the City is not in possession of the records he requested. (Doc. 13.)

## II. Discussion

### a. FOIA Claim(s)[1]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (*quoting Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[1] In their Motion to Dismiss, Defendants describe the existence of some confusion among district courts as to the question of whether dismissal must be for lack of subject matter jurisdiction or for failure to state a claim when an entity or individual that is not a federal "agency" statutorily subject to FOIA is sued under that law. Given that the Ninth Circuit has affirmed a district court's holding that such a dismissal is appropriate under a failure to state a claim standard, the Court will evaluate Defendants' Motion under Rule 12(b)(6). *See Drake v. Obama*, 664 F.3d 774, 785-86 (9th Cir. 2011) ("FOIA does not apply to any of the Defendants . . . [t]hus, the District Court correctly dismissed Plaintiffs' FOIA causes of action for failure to state a claim.").

544, 570 (2007).

FOIA applies only to federal agencies; it is not applicable to state or local governments, or individuals. *St. Michael's Convalescent Hosp. v. State of Cal.*, 643 F.2d 1369, 1373 (9th Cir. 1981); *Drake v. Obama*, 664 F.3d 774, 785-86 (9th Cir. 2011). Here, Plaintiff has brought suit only against the City of Tucson, a local government entity, and two individuals employed by the City. (Doc. 1.) As such, Plaintiff has not named any Defendant that is subject to FOIA, and Plaintiff's claims under FOIA will therefore be dismissed.

### b. State Law Claim(s)

District courts have supplemental jurisdiction over state law claims that are so related to the claims within the courts' original jurisdiction that they form part of the same case or controversy under Article III of the Constitution. 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over remaining state law claims if all claims over which the court has original jurisdiction have been dismissed. 28 U.S.C. § 1367(c)(3). Here, the Court is dismissing Plaintiff's FOIA claim—the only claim over which it has original jurisdiction—and the state courts of Arizona have a much greater interest in resolving Plaintiff's claim under Arizona state law governing inspection of the state's public records. As such, the Court declines to exercise supplemental jurisdiction over the state law claim.

### III.    Leave to Amend

In the Ninth Circuit, "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Here, since the Defendants that Plaintiff has named are not subject to FOIA, and because Plaintiff's state law claims should be adjudicated in state court, it is clear that the deficiencies of Plaintiff's Complaint could not be cured through amendment. The Court will therefore deny leave to amend and close this case.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 9) is **granted**. Plaintiff's Complaint is **dismissed** without prejudice to filing in state court. The Clerk of Court is directed to enter judgment in Defendants' favor and close this case.

Dated this 10th day of April, 2026.

_____
Honorable Rosemary Márquez
United States District Judge